**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IGNACIO MERCEDES AQUINO, | No. 4:26-CV-00496 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| KRISTI NOEM, *et al.*, | |
| Respondents. | |

**MEMORANDUM OPINION**

**JUNE 4, 2026**

## I.   BACKGROUND

Ignacio Mercedes Aquino, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this amended 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Mercedes Aquino is currently detained at the Clinton County Correctional Facility located within the Middle District of Pennsylvania.[2]

Mercedes Aquino, a citizen and native of the Dominican Republic, entered the United States of America in November of 2022.[3] On January 1, 2026, Mercedes

---

[1]   Doc. 13. Mercedes Aquino filed an initial petition in February of 2026, then filed a second petition in May of 2026. Doc. 1, 13. The Court interprets the second petition as an amended § 2241 petition.

[2]   *Id.* at 1.

[3]   *Id.* at 2.

Aquino was arrested by ICE at his residence, and he has remained in ICE custody since that date.[4]

In May of 2026, Mercedes Aquino filed this amended *pro se* § 2241 petition seeking release from custody or a bond hearing, asserting that his continued detention without a bond hearing violates his constitutional rights.[5] Respondents reply that § 1225(b) applies to all individuals who are not inspected and lawfully admitted to the country, regardless of whether they manage to enter the country surreptitiously, and Mercedes Aquino is therefore subject to mandatory detention without a bond hearing.[6] Moreover, Respondents assert that Mercedes Aquino's continued detention without a bond hearing does not violate his due process rights.[7]

After considering the arguments, for the reasons discussed below, the petition will be granted.

## II.    DISCUSSION

Mercedes Aquino brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process,

---

[4]    *Id.* at 3.
[5]    *See* Doc. 13.
[6]    Doc. 11 at 27-50. Respondents additionally argue that this Court lacks jurisdiction to entertain the petition because it was improperly filed by a "next friend." *Id.* at 18-21. However, Mercedes Aquino's amended petition was filed personally without the use of an intermediary, and is therefore properly before this Court.
[7]    *Id.* at 50-54.

2

judgment or decree of a court or judge of the United States."[8] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[9] Mercedes Aquino's claim related to the denial of a bond hearing is therefore properly brought in this petition.

### A.    Detention Without a Bond Hearing

The determination of whether Mercedes Aquino is improperly detained without a bond hearing requires an examination of two separate provisions in immigration law: 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(a). Section 1225(b) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings.[10] In contrast, 8 U.S.C. § 1226(a) states only that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In accordance with that language, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."[11] These two provisions therefore provide for opposite

---

[8]    28 U.S.C. § 2241(c)(2).
[9]    *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025).
[10]    8 U.S.C. § 1225(b)(2)(A).
[11]    *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

outcomes: under § 1225(b) Mercedes Aquino may not receive a bond hearing, but under § 1226(a) he must receive such a hearing. The Court therefore examines each statute to determine which applies to Mercedes Aquino.

Turning first to 8 U.S.C. § 1225, as the United States Court of Appeals for the Second Circuit recently observed, to trigger § 1225(b)(2)(A), an individual must be (1) an applicant for admission, (2) seeking admission, and (3) not clearly and beyond a doubt entitled to be admitted.[12] Consequently, "Section 1225(b)(2)(A) . . . applies only to a noncitizen who is both an 'applicant for admission' and who is 'seeking admission.'"[13]

Section 1225 defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)."[14] While applicable federal law does not define "alien seeking admission," courts construe the plain language of "seeking admission" to describe "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry."[15]

---

[12]    *Cunha v. Freden*, __ F.3d __, __, No. 25-3141-PR, 2026 WL 1146044, at *5 (2d Cir. Apr. 28, 2026)).

[13]    *Id.*

[14]    8 U.S.C. § 1225(a)(1).

[15]    *Ramirez-Montoya v. Rose*, No. 3:25-CV-02411, 2025 WL 3709045, at *4 (M.D. Pa. Dec. 22, 2025) (collecting cases).

Courts have observed that such a "reading comports with the Supreme Court's finding in *Jennings v. Rodriguez*,"[16] wherein the Supreme Court "noted [that] § 1225(b) applies primarily to aliens seeking entry into the United States."[17] That reading of "seeking admission" further "preserves a distinction between 'seeking admission' and the separate term 'applicant for admission,' ensuring that each phrase carries independent meaning."[18] In sum, a plain reading of § 1225(b) demonstrates that it applies to individuals who are attempting to enter the United States, not those already within the country.

With respect to § 1226(a), the Supreme Court has been explicit that "§ 1226 applies to aliens already present in the United States."[19] That Section "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings" and "permit[ting] the Attorney General to release those aliens on bond."[20] Therefore, while § 1225(b) applies to individuals detained while entering or attempting to enter the country, § 1226(a) applies generally to those who are detained within the country.[21]

---

16  *Id.*
17  *Jennings*, 583 U.S. at 297.
18  *Ramirez-Montoya*, 2025 WL 3709045, at *4.
19  *Jennings*, 583 U.S. at 303.
20  *Id.*
21  *See Cunha*, ___ F.3d at ___, 2026 WL 1146044 at *5-6 ("Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission" while "Section 1225(b)(2) . . .

These definitions create dual tracks: if an individual is detained attempting to enter the country illegally or while otherwise presenting themselves for inspection and entry, they are subject to mandatory detention pursuant to § 1225(b). If they are arrested after having already entered the country, they are subject to detention under § 1226(a) and are entitled to a bond hearing.

Applying that distinction here, Mercedes Aquino must be detained pursuant to § 1226(a) and is therefore entitled to a bond hearing. Mercedes Aquino entered the United States in November of 2022 and, at that time, he could reasonably have been construed as seeking admission and therefore as an individual governed by § 1225(b).[22] However, he was not arrested and detained until January of 2026[23] after having resided "in the United States for an extended period of time"; accordingly he is no longer seeking admission and "§ 1226(a), not § 1225(b)(2)(A), applies to" Mercedes Aquino during his detention.[24] Because § 1226(a) applies, mandatory detention is not warranted, and he must be provided with a bond hearing.[25]

Having determined that Mercedes Aquino is being detained under the wrong section of immigration law and is improperly being denied a bond hearing, the Court

---

applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization").

[22] Doc. 13 at 2.

[23] *Id.* at 3.

[24] *Ramirez-Montoya*, 2025 WL 3709045, at *5.

[25] *See, e.g., Patel v. O'Neil*, No. 3:25-CV-2185, 2025 WL 3516865, at *5 (M.D. Pa. Dec. 8, 2025) (finding in similar circumstances that § 1226(a) applies).

must next determine whether Respondents' actions violate Mercedes Aquino's Fifth Amendment Due Process rights.

The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property without due process of law." That Amendment "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent,"[26] and therefore individuals "facing removal are entitled to due process."[27]

This Court applies the balancing test developed in *Mathews v. Eldridge*[28] to determine whether the failure to provide Mercedes Aquino with a bond hearing under § 1226(a) violates his due process rights.[29] Under that test, courts must consider

> three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.[30]

The first factor weighs heavily in favor of concluding that Respondents' actions have deprived Mercedes Aquino of his due process rights, as "[f]reedom

---

[26]  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).
[27]  *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).
[28]  424 U.S. 319, 335 (1976).
[29]  *Cf. Sewak v. I.N.S.*, 900 F.2d 667, 674 (3d Cir. 1990) (applying that test to determine whether applicable deportation regulations were capable of protecting an individual's due process rights).
[30]  *Mathews*, 424 U.S. at 335.

from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."[31] The second factor likewise favors Mercedes Aquino, since "he is presently and *erroneously* detained under the mandatory detention provisions of § 1225, without an opportunity for a bond hearing."[32]

Finally, as other courts have observed, the Government does have an interest in detaining noncitizens to ensure "'the appearance of aliens at future immigration proceedings' and 'prevent[] danger to the community.'"[33] These interests certainly justify detaining individuals in appropriate circumstances. But they cannot weigh in favor of Respondents when they are denying wholesale a bond hearing—the very purposes of which is to establish whether an individual "poses [a] flight risk [or a] danger to the community."[34] In balancing these three factors then, it is clear that Mercedes Aquino's continued detention without a bond hearing violates his due process rights. Consequently, the Court will grant in part his § 2241 petition.

## B.   Conditions of Confinement

Next, Mercedes Aquino asserts that he is entitled to release from custody due to his conditions of confinement.[35] He argues that those conditions are punitive and

---

31   *Zadvydas*, 533 U.S. at 690. *See also Patel*, 2025 WL 3516865, at *6; *Ramirez-Montoya*, 2025 WL 3709045, at *6.

32   *Patel*, 2025 WL 3516865, at *6 (quoting *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *8 (D.N.J. Oct. 22, 2025)).

33   *Soto*, 2025 WL 2976572, at *8 (quoting *Zadvydas*, 533 U.S. at 690).

34   *Ramirez-Montoya*, 2025 WL 3709045, at *4 (internal quotation marks omitted).

35   Doc. 13 at 6.

8

beyond what is constitutionally permissible for an individual held in civil detention.[36] Specifically, he asserts that his food, water, and sanitation are inadequate.[37]

The United States Court of Appeals for the Third Circuit permits § 2241 petitions that challenge conditions of confinement "*only in extreme cases.*"[38] Such petitions are "'limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.'"[39]

Despite permitting § 2241 petitions challenging conditions of confinement in limited circumstances, as other courts have observed, the Third Circuit has "expressly reserved the question whether less serious conditions—those not presenting the kind of existential threat confronted during an uncontrolled pandemic—could support a habeas claim."[40] Moreover, courts have restricted "§ 2241 conditions claims only [to cases] where the challenged conditions make detention itself unconstitutional and only release—not remediation—could remedy the violation."[41]

---

[36]   *Id.*
[37]   *Id.*
[38]   *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020).
[39]   *Id.* (quoting *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973)).
[40]   *Silva v. Soto*, No. CV 25-16577, 2025 WL 3485658, at *3 (D.N.J. Dec. 4, 2025).
[41]   *Id.* (citing *Perri v. Warden FCI Fort Dix*, 2024 WL 3633567, at *2 (3d Cir. Aug. 2, 2024)).

Here, Mercedes Aquino's conditions of confinement do not reach the heightened standards necessary for his claim to be cognizable in a § 2241 petition. Those conditions, while perhaps unpleasant, do not rise to the "extraordinary" and life-threatening nature of the conditions that existed at the beginning of the COVID-19 pandemic that previously sustained a conditions-of-confinement claim.[42] Rather, these conditions are the type that remediation, rather than release, may remedy. As such, Mercedes Aquino's proper recourse is through a civil rights action, not a § 2241 petition.[43]

Consequently, the Court cannot conclude that Mercedes Aquino is entitled to release at this time based on the conditions of confinement. Rather, he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), and the Court will direct that such a hearing occur.[44]

---

[42]  *Hope*, 972 F.3d at 324.

[43]  *See Silva*, 2025 WL 3485658, at *6 (finding, based upon conditions materially worse than those presented here, that "Petitioner's allegations fall within the category of conditions traditionally addressed through civil-rights litigation").

[44]  Mercedes Aquino has also filed emergency motions for release, to expedite these proceedings, for a temporary restraining order, and for a stay of removal. Doc. 2-5, 14-17. The motion for immediate release and a temporary restraining order will be denied, as Mercedes Aquino is not entitled to release but is, instead, entitled only to a bond hearing pursuant to 8 U.S.C. § 1226(a), as his rights have been violated by the failure to provide such a hearing, but his conditions of confinement are not cognizable in this petition. The motion to expedite will be denied as moot. Finally, the motion for a stay of removal will be denied, as the issue of whether Mercedes Aquino may be lawfully removed from the country is not before this Court.

## III.    CONCLUSION

For the foregoing reasons, the Court concludes that Respondents have violated Mercedes Aquino's due process rights by detaining him without a bond hearing. Accordingly, his petition will be granted in part, and the Government will be required to provide Mercedes Aquino with a bond hearing or release him from custody.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge