**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IGNACIO MERCEDES AQUINO,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | No. 4:26-CV-00496<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 31, 2026**

## I. BACKGROUND

Petitioner Ignacio Mercedes Aquino ("Petitioner") is currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Clinton County Correctional Facility located within the Middle District of Pennsylvania.[1] Petitioner, a citizen and native of the Dominican Republic, entered the United States of America in November of 2022.[2] On January 1, 2026, Petitioner was arrested by ICE at his residence, and he has remained in ICE custody since that date.[3]

In May of 2026, Petitioner filed a *pro se* petition under 28 U.S.C. § 2241 seeking release from custody or a bond hearing, arguing that his continued detention

---

[1] Doc. 13.
[2] *Id.* at 2.
[3] *Id.* at 3.

without a bond hearing violated his constitutional rights.[4] The Court granted Petitioner's § 2241 petition on June 4, 2026, ordering Respondents to provide Petitioner with a bond hearing or, alternatively, to release Petitioner on his own recognizance.[5] The Court clarified that, should Petitioner be denied bond, Respondents must file a status report providing a detailed explanation of the reasons for such denial beyond simply stating that Petitioner was found to be a danger or flight risk.[6]

Petitioner received a bond hearing on June 16, 2026, in which he was represented by counsel. There, the immigration judge ("IJ") determined that Petitioner had met his burden to show that he was not a danger but had failed to meet his burden to show that he was not a flight risk.[7] In that hearing, the IJ received evidence from Petitioner and Respondents, including letters from co-sponsors.[8] Petitioner's counsel noted that there were no sponsor affidavits submitted due to the quick turnaround of the proceeding, but proffered that Petitioner's family friends would be willing to support him residentially and financially.[9] Petitioner also provided evidence that he held a valid work permit, but did not present evidence of prior employment.[10]

---

4 Doc. 13.
5 Doc. 19 at 1-2.
6 *Id.*
7 Doc. 20; Doc. 22-1 at 4.
8 Doc. 22-1 at 3-4; Doc. 22 at 3 (noting that the IJ "reviewed sponsor letters").
9 Doc. 22-1 at 3-4.
10 *Id.*

The IJ determined that Petitioner had not met his burden to show that he was not a flight risk; this was based on the fact that Petitioner's sponsors did not submit affidavits, rendering it difficult to discern their level of support for Petitioner, and because Petitioner submitted limited fixed address and employment history.[11] The IJ also considered that Petitioner entered this country illegally and has been present since 2022, which the IJ described as "recent," and noted that there was a removal order for Petitioner.[12] Considering the "totality of the circumstances," the IJ determined that Petitioner failed to meet his burden of establishing that he was not a flight risk.[13]

Following the hearing, Petitioner submitted the instant motion to enforce the Court's prior Order, asserting that the June 16 bond hearing was insufficiently individualized and, therefore, did not comply with the Court's prior directive.[14] Petitioner seeks release or, alternatively, a new, individualized bond hearing before a different immigration judge.[15] In opposition to the instant motion, Respondents have attached an unverified transcript of the June 16 bond hearing.[16]

---

11 Doc. 22-1 at 4.
12 *Id.* at 3-4.
13 *Id.* at 4.
14 Doc. 21 at 2-3.
15 *Id.*
16 Doc. 22-1.

## II. LAW

### A. Jurisdiction

Respondents first argue that this Court may not examine the IJ's bond determination pursuant to 8 U.S.C. § 1226(e).[17] That statute provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."[18]

Despite that rather definitive language, the United States Court of Appeals for the Third Circuit has explicitly held that "[n]othing in 8 U.S.C. § 1226(e) prevents [courts] from deciding whether the immigration officials had statutory authority to impose mandatory detention" and that "Section 1226(e) does not limit habeas jurisdiction over constitutional claims or questions of law."[19] Stated differently, although courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, [they] may review whether the bond hearing was fundamentally unfair."[20]

Additionally, beyond a court's ability to examine the constitutional adequacy of a bond hearing, it is well established that a "court has the inherent power to

---

17 Doc. 19 at 6-7.

18 8 U.S.C. § 1126(e).

19 *Sylvain v. Att'y Gen. of U.S.*, 714 F.3d 150, 155 (3d Cir. 2013) (quoting *Singh v. Holder,* 638 F.3d 1196, 1202 (9th Cir. 2011)).

20 *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

enforce its own orders."[21] Courts therefore have "continuing jurisdiction to address alleged noncompliance with [a] conditional writ of habeas corpus."[22]

Here, Petitioner asserts that the bond hearing failed to comply with the Court's prior Order requiring an individualized assessment.[23] This argument falls within an exception to § 1226(e)'s bar on review of a bond determination, as the Court is not divested of jurisdiction to consider whether the bond hearing complied with the Court's own order.[24] Therefore, Respondents' jurisdictional arguments fail.

Respondent additionally asserts that Petitioner has failed to exhaust his administrative remedies related to the bond hearing, and that, therefore, this Court should decline to review the motion.[25] As other courts have discussed, whether an individual must exhaust administrative remedies by appealing a denial of bond is an "area of unsettled law in the Third Circuit and in this District" and "there are several decisions in this district reaching conflicting conclusions about whether exhaustion is required."[26]

The Court need not determine whether exhaustion of administrative remedies is required in this matter because, even when exhaustion is necessary, courts will not

---

21 *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 194 (3d Cir. 2020).
22 *Gibbs v. Frank*, 500 F.3d 202, 205 (3d Cir. 2007) (citing *Phifer v. Warden,* 53 F.3d 859, 865 (7th Cir. 1995)).
23 Doc. 21 at 1-2.
24 While Petitioner did not specifically raise fundamental unfairness, such an argument also falls within an exception to § 1226(e)'s bar.
25 Doc. 22 at 5-8.
26 *Shonhai v. Lowe*, No. CV 3:24-229, 2026 WL 538865, at *10 (M.D. Pa. Feb. 26, 2026).

enforce that requirement if exhaustion "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm."[27] As it relates to an appeal of the denial of bond, futility is apparent because "'it is not at all clear that the BIA could evaluate the legality of the IJ's bond determination in relation to [a district court's order]—the BIA has, for example, consistently refused to reach and decide constitutional questions.'"[28]

Additionally, to the extent that Petitioner would be required to exhaust administrative remedies, such exhaustion would not apply to this Court's review of its own order when determining if Respondents complied therewith. Accordingly, the Court has jurisdiction to consider Petitioner's motion.

**B. Merits**

Turning to the merits of Petitioner's motion, Petitioner asserts the bond hearing was deficient because the IJ failed to render a sufficiently individualized assessment of Petitioner's circumstances to comply with the Court's prior Order.[29] Petitioner asserts that, during the hearing, Petitioner presented evidence including a residential address where he would reside, an offer of employment, and letters of

---

27 *Id.* (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

28 *Id.* (quoting *Y.S.G. v. Andrews*, No. 25-cv-1884, 2025 WL 2979309, at *7 (E.D. Cal. Oct. 22, 2025)).

29 Doc. 21 at 1-3.

support and recommendation from members of the community.[30] Petitioner asserts that the IJ denied bond primarily due to the existence of a final order of removal, and that the IJ did not sufficiently consider Petitioner's documentation when determining that he was a flight risk.[31] Respondents assert that the IJ sufficiently considered Petitioner's submitted information, and argue that the proceeding was not so deficient as to be fundamentally unfair or out of compliance with the Court's prior order.[32]

"Throughout all phases of deportation proceedings, petitioners must be afforded due process of law."[33] The Due Process Clause guarantees individuals "an opportunity to be heard at a meaningful time and in a meaningful manner."[34] "This guarantee comprises three key protections: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the opportunity to make arguments on his or her own behalf; and (3) an individualized determination of his or her interests."[35] "In other words, petitioners must receive a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf."[36]

---

30 *Id.* at 2.
31 *Id.*
32 Doc. 22 at 9-12.
33 *Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 213 (3d Cir. 2017).
34 *Id.* (internal quotation marks omitted).
35 *Id.* (brackets and internal quotation marks omitted).
36 *Id.* (internal quotation marks omitted).

"[A] 'decisionmaker must actually consider the evidence and argument that a party presents,' and denies due process when it acts 'as a mere rubber-stamp.'"[37] "A bond hearing is individualized 'if it is not so arbitrary that it would offend fundamental tenets of due process[,'] 'if there is a discernible rational basis for the underlying administrative decision, and [if] the immigration judge applies the correct legal standards.'"[38] "However, to the extent that Petitioner challenges how the IJ weighed the evidence presented, such an argument "challenges a discretionary determination" that the Court may not review.[39]

For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ "must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community."[40] "'Mechanistic reliance on factors that are common to all § 1226([a]) detainees will not suffice.'"[41] The Board of Immigration Appeals ("BIA") has enumerated proper and relevant considerations for an IJ to use when determining whether a noncitizen is a danger to the community or a risk of flight, including but not limited to: whether the petitioner

---

37 *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 555 (D.N.J. 2026) (quoting *Abdulai v. Ashcroft*, 239 F. 3d 542, 549 (3d Cir. 2001), *superseded by statute on other grounds*).

38 *Id.* at 555 (quoting *Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 395711, at *2 (E.D. Pa. Feb. 12, 2026)).

39 *Ghanem*, 2022 WL 574624, at *2.

40 *Santos v. Lowe*, No. 1:18-CV-1553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020)).

41 *Id.* (quoting *Wilkins v. Doll*, No. 1:17-CV-2354, 2018 WL 3388032, at *2 (M.D. Pa. July 12, 2018)).

has a fixed address, the strength of the petitioner's family ties to the United States, and the petitioner's employment history.[42]

Here, the bond hearing was not so deficient as to deprive Petitioner of an individualized determination as was required by the Court's prior Order. The submitted transcript of the proceeding indicates that the IJ received evidence and heard argument on Petitioner's behalf, including "sponsor documents" and documents detailing Petitioner's residence and finance history.[43] Petitioner proffered

---

42 *Castillo Reyes v. Rose*, 820 F. Supp. 3d 343, 352 n.7 (E.D. Pa. 2026). Specifically, these considerations are known as the *Guerra* factors, which the Ninth Circuit have held are probative of danger to the community or risk of flight. *See Martinez v. Clark*, 124 F. 4th 775, 786 (9th Cir. 2024) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The *Guerra* factors an IJ may consider include "any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." *Id.* Courts in this circuit have begun to recognize that such factors may be considered by the IJ. *See Castillo Reyes*, 820 F. Supp. 3d at 352 n.7; *Avilov v. McShane*, No. 26-2431, 2026 WL 1947617, at *2 (E.D. Pa. July 6, 2026); *Nasimov v. Jamison*, No. 25-7420, 2026 WL 94615, at *6 n.10 (E.D. Pa. Jan. 13, 2026); *Bueno v. O'Neill*, No. 26-304, 2026 WL 413315, at *7 n.11 (E.D. Pa. Feb. 13, 2026).

Notably, Respondents in this case seemingly did not attempt to determine the legal source for the IJ's considerations, instead relying on the misspellings of the unverified transcript to argue that the IJ properly considered the "Gara Factors." Doc. 22 at 3 ("Notably, Judge Combs relied upon evidence submitted and the Gara Factors."). Respondents made no reference to what the "Gara" factors actually are, nor why such considerations would be proper. Respondents were fortunate that the IJ's consideration of the *Guerra* factors was indeed proper, but are warned that such lax submissions will not be tolerated in the future. Indeed, multiple typographical errors reveal Respondents' brief is, at least in part, recycled from other submissions. *See, e.g.,* Doc. 22 at 3 ("the Court should deny the motions because *Judge Addicott* conducted the bond hearing in accordance with the Court's directives"); 9 (noting that prior precedent "forecloses the relief *Joseph* suggests").

43 Doc. 22-1 at 3.

that Petitioner's family and sponsors would be willing to support him, both residentially and financially, and Petitioner submitted a valid work permit.[44]

In determining that Petitioner had failed to meet his burden to show that he was not a flight risk, the IJ considered that Petitioner did not submit "much information" regarding prior fixed addresses or employment history and that the lack of affidavits from sponsors made it "difficult to say exactly what level of support they're offering to the [Petitioner]."[45] Additionally, the IJ discussed that he considered Petitioner a "recent entrant" because Petitioner had entered the United States in 2022, and noted that Petitioner's illegal entry and removal order showed "prior disregard for the immigration laws of the United States," weighing these considerations against Petitioner.[46]

While a close call, it appears that the IJ sufficiently considered Petitioner's individual circumstances to comply with the Court's prior Order. Several of the IJ's considerations, including that Petitioner entered the country illegally, had a removal order, and has only been present since 2022, do not provide support for determining that Petitioner was a flight risk because they are "'factors that are common to all § 1226([a]) detainees.'"[47] Yet, the IJ considered some "facially valid" factors for risk

---

44 *Id.*

45 *Id.* at 4.

46 *Id.*

47 *See Mujica-Marquez v. Hoover*, 4:26-CV-00623, 2026 WL 1483740, at *4 (M.D. Pa. May 27, 2026) (Brann, J.) (quoting *Santos v. Lowe*, No. 1:18-CV-1553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)). This Court previously held in *Mujica-Marquez v. Hoover* that an IJ's determination of flight risk could not be premised only on the fact that a petitioner had been in

of flight; specifically, the IJ considered Petitioner's lack of clear submissions from sponsors, lack of prior fixed address history, and lack of employment information.[48] The IJ's determination made reference to the fact that he examined Petitioner's submissions and found deficiencies in specific areas.[49] Therefore, the IJ appeared to weigh the evidence submitted and come to an individualized determination for Petitioner in compliance with the Court's prior Order.[50]

Moreover, the proceeding was fundamentally fair. Petitioner was represented by counsel who presented evidence and argument, which the IJ received and

---

the United States for less than four years, as this length of time is not a "short duration" for determinations of flight risk. *See Mujica-Marquez v. Hoover*, 4:26-CV-00623, 2026 WL 1483740, at *4-5 (M.D. Pa. May 27, 2026) (Brann, J.). Moreover, the court in *Santos* found similarly that the existence of a removal order is a "'mechanistic factor' common to virtually all immigration detainees" and that such a consideration could not alone support a finding of risk of flight. *Santos*, 2020 WL 4530728, at *4.

48 Doc. 22-1 at 3-4.

49 *Id.*

50 *Id.*; *compare Zheng*, 826 F. Supp. 3d at 560 (due process violation found where the IJ stated only the conclusion that the petitioner was a flight risk "without any reasoning or reference to facts in the record") *and Rodriguez v. Greene*, 4:26-CV-0333, 2026 WL 574961, at *12 (N.D. Ohio Mar. 2, 2026) (where the IJ's decision "contain[ed] zero reference to any record or arguments put forth by either party" and did not provide due process) *with De Souza v. Soto*, No. 25-18734, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) (a proceeding was fundamentally fair where the IJ considered the petitioner's lack of evidence of employment and fixed address), *Avilov*, 2026 WL 1947617, at *3 n.2 (finding a bond hearing satisfactory where the IJ "heard argument, asked questions, considered [petitioner's case], addressed both negative and positive factors, and stated a reason for denying bond"), *Rodriguez v. Bondi*, 3:26-CV-285, 2026 WL 1378874, at *2 (W.D. Pa. May 18, 2026) (finding a fair hearing where "the IJ explained his reasons for denying bond"), *Kamara v. Doll*, No. 1:17-CV-01176, 2017 WL 6497362, at *4 (M.D. Pa. Dec. 19, 2017) (noting that the IJ acknowledged several facts specific to the petitioner and that, "[w]hile Petitioner may be dissatisfied his individualized assessment, it cannot be said that the immigration judge did not follow the law of the case[ ]as prescribed by this [C]ourt and conduct an individualized bond hearing") (internal quotation omitted) *and Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) (due process requirements were satisfied by a hearing where the IJ "considered specific details" of the petitioner's case) (affirming Brann, J.).

appeared to consider in its determination of flight risk.[51] The IJ articulated a basis for the decision, namely Petitioner's lack of fixed address, lack of employment history, and lack of clear sponsor commitment.[52] Furthermore, Petitioner does not assert, nor does the Court find independently, that the IJ applied incorrect legal standards to the situation. As such, this hearing was not so procedurally deficient as to be fundamentally unfair.

While the Court may disagree with the IJ's ultimate determination that Petitioner had not met his burden of proof, such is not the question before the Court today.[53] Instead, for the instant motion, the Court may only determine whether Petitioner received a sufficiently individualized bond hearing to comply with the Court's prior Order and fundamental notions of fairness. Having so found that Petitioner's hearing was individualized to Petitioner's submissions and was not fundamentally unfair, Petitioner's motion to compel is denied.

---

51 Doc. 22-1 at 3-4; *cf Magatte v. Lowe*, No. 4:26-CV-00597, 2026 WL 1454116, at *4 (M.D. Pa. May 22, 2026) (Brann, J.) (finding that a bond hearing failed to comport with due process where the IJ "did not provide [the petitioner] with a reasonable opportunity to present evidence on his own behalf.").

52 *Id.*

53 *Ghanem*, 2022 WL 574624, at *3 ("[J]ust because there are disagreements about the outcome of the bond hearing . . . does not mean that the IJ violated due process in conducting the bond hearing.").

## III. CONCLUSION

Petitioner's motion to enforce the Court's June 4, 2026 Order is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge